WHITE *v*. CITY OF FLINT

APPEAL AND ERROR—MOOTNESS—LABOR RELATIONS—RESOLVED CONTROVERSY.

Employer hospital's appeal from an order dismissing the action of plaintiff union and its members for an injunction restraining the employer from unfair labor practices in enforcing uniform-wearing requirements for x-ray technicians, where the order to dismiss was made on the plaintiffs' motion after the injunction had been granted them, was dismissed as moot where the uniform-wearing dispute had been resolved at the bargaining table after the defendants had perfected their appeal.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 February 1, 1971, at Lansing. (Docket Nos. 8388, 9286 and 9287.) Decided March 23, 1971.

Complaint by Robert B. White and Council 29, American Federation of State, County, and Municipal Employees against the City of Flint, the Board of Hospital Managers, and Milton Sacks, Director of Hurley Hospital, for a permanent injunction to restrain defendants from enforcing a work-dress rule and disciplining its violators until the issue was resolved by the Employment Relations Commission. Injunction issued. Defendants appeal. Plaintiffs' motion to dismiss the pending action granted. De-

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 761–763, 765, 913, 961.

fendant appeals the dismissal. Appeal dismissed as moot.

*Charles A. Forrest, Jr.,* for plaintiffs.

*Dykema, Wheat, Spencer, Goodnow & Trigg* (by *Paul H. Townsend, Jr.,* and *Ronald J. Santo*), for the Board of Hospital Managers and Milton Sacks.

*Robert E. Weiss,* City Attorney, for the City of Flint.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. This is a labor controversy between plaintiff and his collective bargaining representative on the one hand, and the City of Flint and the Board of Managers of its municipal hospital on the other.

Actually there is nothing before us which is now justiciable. We are asked, however, to express ourselves on the subject of the exclusivity of remedy for alleged unfair labor practices by the Michigan Employment Relations Commission, as opposed to the injunctive power of a court of equity.

This is a sensitive area in labor relations law. We think it would be imprudent to write decisionally in this case with its somewhat unsettled record and its admixture of substantive and procedural questions. We have included an extensive note[1] in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Shortly after plaintiff union was duly certified as the bargaining representative for defendant hospital's X-ray employees, and while contract negotiations were underway but incomplete, the employer hospital decided to enforce rigidly a pre-existent but hitherto loosely

order that the trial bench and the concerned members of the bar may understand our reasons for disposing of the case on the basis of mootness.

The appeal is dismissed as moot. No costs.

All concurred.

---

enforced uniform wearing requirement on the part of the X-ray personnel.

The union filed a complaint with the Mediation Board asserting the enforcement was an unfair labor practice and in violation of the Public Employee Representation Act (PERA). The commission set a hearing on the charge for October 27, 1969. It was filed September 19 of that year. Before the hearing was held, and after filing the complaint, the *plaintiffs* instituted an original action in the circuit court seeking injunctive relief, which they characterize as a prayer to "maintain the *status quo*". The trial judge issued an injunction restraining the defendants from "disciplining" plaintiffs pending a hearing by the Labor Mediation Board.

Meanwhile, back at the bargaining table, the issue seemed to have been resolved.

However, defendant-appellants had already perfected their appeal to this court from the issuance of the injunction on the ground that the circuit court lacked jurisdiction of the subject matter. The circuit judge, after the appeal had been perfected, *on plaintiff's motion,* dismissed the pending action as moot. Defendants promptly appealed that order on the ground that the circuit court had lost the jurisdiction it never had in the first place.

Appellants' brief states "the commission conducted a hearing and held that the hospital's enforcement of the rule  *  *  *  constituted an unfair labor practice, namely a refusal to bargain in good faith". Upon our request, the board furnished us with a copy of an order in letter form advising "all parties that the withdrawal request (by plaintiffs)  *  *  *  was approved and  *  *  *  the case closed". The board further advised us that "the other complaint" must have been dismissed by oral order. The record, at best, is somewhat equivocal.

It should be apparent to the trial bench and all counsel in this specialized practice that this Court, on such a record, is not disposed to open this litigious container of *vermis annelides*.

We commend the parties for the excellence of their briefs.